# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTHONY WIMBERLY,**
**N-61282,**
**Plaintiff,**

**v.**                    No. 3:17-cv-00472-DRH

**WARDEN JEFFREY DENNISON,**
**IDOC,**
**SGT. PITCHFORD, and**
**JOHN DOE,**
**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Illinois River Correctional Center, filed this this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional violations that allegedly occurred while he was incarcerated at Shawnee Correctional Center ("Shawnee"). On July 31, 2017, the Court dismissed Plaintiff's Original Complaint without prejudice and with leave to amend. (Doc. 6). Thereafter, Plaintiff filed his First Amended Complaint. (Doc. 7 and Doc. 9 (identified as a "continuation" of the First Amended Complaint).[1] In the First Amended Complaint, Plaintiff claims that he was subjected to unsanitary cell conditions for approximately 30 days when he was placed in disciplinary segregation in January 2017.

This case is now before the Court for a preliminary review of the First

---

[1] The Court notes that it does not accept piecemeal pleadings. However, it appears Plaintiff intended to submit the two pleadings together as his First Amended Complaint. Accordingly, the Court construes the pleadings together as Plaintiff's First Amended Complaint.

Amended Complaint (Docs. 7 and 9) pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of

action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that the First Amended Complaint survives threshold review under § 1915A.

### **The Amended Complaint (Docs. 7 and 9)**

On January 11, 2017, Plaintiff was placed in segregation. (Doc. 9, p. 3). Plaintiff claims the cell he was confined in was uninhabitable and should have been condemned. (Doc. 7, p. 5; Doc. 9, pp. 3-4). The sink and toilet were full of mold and mildew. *Id.* The sink was non-functional because a "seg pen" was stuck in the faucet and no water would come out. *Id.* The mattress in the cell had urine stains on it and smelled of urine. *Id.* The windows were drilled shut and there was inadequate air circulation. *Id.* Plaintiff was not provided with cleaning supplies, but tried to clean the cell with his personal hygiene items (body soap and towels). *Id.* Plaintiff remained in the original unsanitary segregation cell for 20 days. *Id.* Thereafter, for the next 10 days, Plaintiff was repeatedly transferred to new segregation cells. However, the conditions in each cell were equally deplorable.

Plaintiff contends that Pitchford and Dennison had knowledge of the complained of conditions in Plaintiff's original segregation cell. (Doc. 7, p. 5; Doc. 9, pp. 3-5). Additionally, Plaintiff claims Defendants new that all of the segregation cells were equally uninhabitable. *Id.* According to Plaintiff, these Defendants were

aware of these conditions because they personally observed the conditions, and/or because of Plaintiff's repeated complaints and/or grievances regarding the same. *Id.* Instead of addressing the conditions, Defendants allegedly "turned a blind eye." *Id.* Plaintiff contends that Defendants' decision to transfer him from cell to cell was a meaningless act because all of the segregation cells were uninhabitable and Defendants knew that all of the segregation cells were uninhabitable. *Id.*

## **Dismissal of Certain Defendants**

### **Illinois Department of Corrections**

IDOC is a state governmental agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

Accordingly, Plaintiff cannot direct any § 1983 claims against IDOC and IDOC will be dismissed from this action without prejudice.

### **John Doe**

Plaintiff has included a John Doe Defendant described as "Sgt. Pickford or Lt. Pickford." It is evident that John Doe Defendant, *Sgt. Pickford or Lt. Pickford*, is the same individual as Defendant Sgt. Pitchford, *or Lt. Pitchford*. Plaintiff has

only included a John Doe Defendant because he is unsure of the correct spelling for this individual's last name. In order to address this issue, the Court orders as follows:

The Clerk of the Court is **DIRECTED** to terminate John Doe as a party in CM/ECF. Further, the Clerk of the Court is **DIRECTED** to modify Defendant Sgt. Pitchford, *or Lt. Pitchford,* as follows: Sgt. Pitchford/Pickford, *or Lt. Pitchford/Pickford.*

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim for being confined under unsanitary conditions in segregation cell for 30 days beginning on January 11, 2017.

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes*, 452

U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

Claims under the Eighth Amendment have both an objective and subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs or deprived the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the state of mind of the defendant. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, this is deliberate indifference to inmate health or safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842.

The denial of access to "adequate sanitation and personal hygiene items" may demonstrate a deprivation of "the minimal civilized measure of life's necessities." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994)); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)). Further, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

In order to be held individually liable in a civil rights case, a defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Generally, the denial of a grievance, standing alone, is insufficient grounds for individual liability. *See George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). *See also Aguilar v. Gaston-Camara*, 2017 WL 2784561, *4 (7th Cir. 2017) (the Seventh Circuit has "rejected the notion that 'everyone who knows about a prisoner's problems' will incur § 1983 liability," citing *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)).

On the other hand, the Seventh Circuit has made it clear that "a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)).

Finally, neither Defendant is subject to liability merely because he held a supervisory position at the prison. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of *respondeat superior* is not applicable to § 1983 actions).

The conditions described in the First Amended Complaint, at this early stage of the litigation, are sufficient to satisfy the objective component. Additionally, reading the First Amended Complaint liberally and giving Plaintiff the benefit of the doubt he is entitled to at this stage of the litigation, the pleading suggests that Defendants responded with deliberate indifference to these conditions. Plaintiff alleges that both Defendants were aware of the offending conditions (either through personal observation or through Plaintiff's complaints) but took no meaningful action to rectify the problems.

This is sufficient to allow the claim to proceed at screening. A more fully developed record will shed light on whether Defendants were personally involved

in the alleged constitutional violation and acted with the requisite culpable state of mind, deliberate indifference.

**Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 8). The Motion shall be referred to a United States Magistrate Judge for disposition.

**Disposition**

**IT IS HEREBY ORDERED** that **IDOC** is dismissed from the action without prejudice. The Clerk of the Court is **DIRECTED** to terminate **IDOC** as a party in CM/ECF.

The Clerk of the Court is **DIRECTED** to terminate Defendant **JOHN DOE** as a party in CM/ECF. Further, the Clerk of the Court is **DIRECTED** to modify Defendant **SGT. PITCHFORD**, *or Lt. Pitchford,* as follows: **SGT. PITCHFORD/PICKFORD**, *or Lt. Pitchford/Pickford.*

**IT IS HEREBY ORDERED** that the Complaint shall receive further review as to **DENNISON** and **SGT. PITCHFORD/PICKFORD.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **DENNISON** and **SGT. PITCHFORD/PICKFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion for Recruitment of Counsel. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 6th day of November, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.11.06 16:05:22 -06'00'

**UNITED STATES DISTRICT JUDGE**